UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: _____

NEWSPRONET, INC.,

Plaintiff,

vs.

JOHN DOES 1-10,

Defendants.
_____/

### COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, NEWSPRONET, INC. ("Plaintiff"), by its undersigned attorneys, sues Defendants JOHN DOES 1-10 (collectively "Defendants"), and avers as follows:

### INTRODUCTION

1. This is an action in law and equity for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, for dilution under the Federal Trademark Dilution Act, 15 U.S.C. § 1125(c), violations of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1115(d), and for unfair competition under the common law. As set forth below, through its use of the Internet domain name "KNOWMORE.COM" Defendant has willfully infringed Plaintiff's trademark for KNOW MORE, has acted as a cybersquatter by intending to profit from the goodwill associated with the mark and has unfairly competed with Plaintiff. These activities will continue unless enjoined by this Court.

### PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Miami, Florida.

3. Plaintiff is informed and believes that Defendants JOHN DOES 1-10 are (a) at least one corporate entity currently unknown to Plaintiff (the "Domain Name Holder") and (b) individuals who are officers or other managing agents of Defendant and are conscious, dominant and active forces behind the wrongful acts of the Domain Name Holder, which wrongful acts they have engaged in for the benefit of the latter and for their own individual gain and benefit.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121. The Court has supplemental jurisdiction over the common law claims under 28 U.S.C. § 1367(a).

5. Jurisdiction over the Florida common law counts is conferred upon this Court because there is a common nexus of operative facts giving rise to the substantial federal claims and to the state causes of action. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338 to hear the state law claims which are joined with the federal trademark infringement and unfair competition claims.

6. Judicial economy, convenience, and fairness to the parties will result if this Court assumes and exercises its subject matter jurisdiction over all causes of action averred herein.

7. The causes of action against the Defendants arise pursuant to § 48.193, Fla. Stat. and from doing the following acts:

   a. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state; or

   b. Committing a tortious act within this state; or

   c. Engaging in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, whether or not the claim arises from the activity.

8. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391 because:

   a. The claims arise in the Southern District of Florida under 28 U.S.C. §§ 1391(b)(2) and 1391(c); and

   b. Defendants are doing business in the Southern District of Florida by, among other things, selling their products or services within this district.

## FACTS COMMON TO ALL COUNTS

### A. Plaintiff's Proprietary Rights in the KNOW MORE Trademark

9. Plaintiff is a strategic content creation company with a business-to-business distribution model and market leader in converged media content solutions and interactive branding strategies for broadcasters. Plaintiff's clients are media companies who use its content and programming strategies to help drive audience to their broadcast and Internet properties. Plaintiff's services include consulting and client

training to maximize the impact and effectiveness of strategic content products. Plaintiff has used the KNOW MORE trademark in connection with the aforementioned services since as early as 1999.

10. Plaintiff possesses all rights, title and interest in and to the common law KNOW MORE trademark based on the continuous use of the mark in the U.S. and worldwide commerce by Plaintiff, its predecessors and licensees, since early 1999 in connection with the aforementioned products and services

11. Plaintiff's use of the KNOW MORE trademark has continued uninterrupted since as early as 1999 and Plaintiff has never abandoned its use of the KNOW MORE trademark for the aforementioned products and services.

12. In addition, Plaintiff maintains a Web site located at www.newspronet.com on the Internet on which it uses the KNOW MORE trademark. The KNOW MORE trademark is a famous trademark that is widely recognized both by the public and trade, and has built up extensive goodwill.

13. The KNOW MORE mark is an inherently distinctive trademark to both the public and trade in connection with licensed products and services.  The Plaintiff's trademark serves primarily as a designator of origin of products originating from or sponsored or licensed by Plaintiff.

14. As a result of the widespread use and display of Plaintiff's KNOW MORE trademark, both the public and the trade use the KNOW MORE trademark to identify and refer to Plaintiff's products and services.

AMAURY CRUZ P.A.
1560 Lenox Avenue, Suite 207, Miami Beach, FL 33139 • Telephone (305) 604-2051 • Facsimile (305) 604-2011

15. As a result of the widespread use and display of Plaintiff's trademark KNOW MORE, the KNOW MORE trademark has built up secondary meaning and extensive goodwill.

### B. Defendant's Infringing Activities and Bad Faith Conduct

16. Upon information and belief, Defendants operate or have operated a commerce-related Web site on the World Wide Web at www.knowmore.com. A printout from Network Solutions' WHOIS database reflecting Domains By Proxy, LLC as the registrant of the registration of Defendants' knowmore.com domain name is attached hereto as Exhibit A and incorporated herein by reference.

17. Plaintiff is informed and believes that Defendants have used Domains By Proxy, LLC for the registration of the knowmore.com domain name in an attempt to conceal their identity.

18. Plaintiff is informed and believes that Domains By Proxy, LLC is in possession of Defendants' true identities and contact information.

19. Plaintiff must conduct preliminary discovery on Domains By Proxy, LLC in order to discover Defendants' true identities.

20. Upon information and belief, defendants have used the designation KNOWMORE.COM as both a trademark affixed to a product which it manufactures and distributes in interstate commerce and as a tradename used in conjunction with its commerce-related Web site.

**AMAURY CRUZ P.A.**
1560 Lenox Avenue, Suite 207, Miami Beach, FL 33139 • Telephone (305) 604-2051 • Facsimile (305) 604-2011

21. Defendants' aforementioned unlawful acts are intended to, and are likely to, blur and erode the distinctiveness of the KNOW MORE mark and tarnish the reputation of Plaintiff and its famous KNOW MORE mark and its products and services.

22. Defendants' aforementioned unlawful acts have caused, and will continue to cause irreparable harm to Plaintiff and its KNOW MORE mark, and to the business and substantial goodwill represented thereby, and said acts damage will continue to damage Plaintiff unless restrained by this Court.

23. Plaintiff has no adequate remedy at law.

## COUNT I
## UNFAIR COMPETITION
## (15 U.S.C. 1125(a))

24. Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff's trademark is entitled to protection under Section 43(a) of the Lanham Act.

26. Defendants' use and promotion of a mark confusingly similar to Plaintiff's mark to identify Defendants' products will likely cause confusion or cause mistake, or deceive as to the affiliation, connection, or association of Plaintiff with Defendants, or as to the origin, sponsorship or approval by Plaintiff of Defendants' goods and services.

27. Defendants' use of the accused mark constitutes a false description of origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

28.  Defendants' use of the designation KNOWMORE.COM is without Plaintiff's consent or permission.

29.  Plaintiff has been damaged by Defendants' use of the accused mark and will suffer irreparable harm.

## COUNT II
## CYBERSQUATTING
## 15 U.S.C. 1125(d)

30.  Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 23 as though fully set forth herein.

31.  Upon information and belief, Defendants have a bad faith intent to profit from the registration and use of the Internet domain name knowmore.com by creating an association with Plaintiff's famous KNOW MORE trademark as to source or sponsorship.

32.  The second-level domain name portion of the knowmore.com Internet domain name is confusingly similar to, and dilutes the distinctive quality of, Plaintiff's famous KNOW MORE trademark.

33.  Plaintiff has been damaged by Defendants' unlawful use of the knowmore.com domain name and will suffer irreparable harm.

34.  Defendants' acts, as aforesaid, are in violation of the Anticybersquatting Consumer Protection Act under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

## COUNT III
## TRADEMARK DILUTION

**15 U.S.C. 1125(c)**

35. Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 23 as though fully set forth herein.

36. Plaintiff's KNOW MORE trademark is a famous mark and had become famous prior to Defendant's first use of the Internet domain name and mark in conjunction with its tradename and goods and services offered to the public as alleged.

37. Plaintiff's KNOW MORE trademark is inherently distinctive to the public and the trade with respect to goods and services.

38. By such wrongful acts, defendants have, and unless restrained by the Court, will continue to cause serious irreparable injury and damage to Plaintiff and to the goodwill associated with Plaintiff's famous KNOW MORE mark by diluting and blurring its distinctive quality.

39. Defendant's aforementioned acts constitute willful dilution of Plaintiff's KNOW MORE trademark in violation of the Federal Trademark Dilution Act, codified at Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**

40. Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 23 as though fully set forth herein.

41. This is a common law unfair competition claim for damages and injunctive relief.

42. Plaintiff is the prior user of the trademark at issue.

43. Plaintiff's trademark is inherently distinctive or has acquired secondary meaning.

44. Defendants are using a confusingly similar trademark to identify similar goods marketed by them in competition with Plaintiff in the same trade area where Plaintiff has established good will.

45. As a result of Defendants' actions, customer confusion is likely as to the source or sponsorship of Defendants' goods and services.

46. Plaintiff has been damaged by Defendant's aforementioned acts.

## COUNT V
## FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES
### (Section 501.204, Florida Statutes)

47. Plaintiff repeats and reavers each and every allegation of paragraphs 1 through 23 as though fully set forth herein.

48. Prior to Defendants' use of the KNOWMORE.COM designation, Plaintiff and its predecessors have used the mark KNOW MORE in connection with the aforementioned services.

49. Plaintiff is informed and believes that Defendants had knowledge of Plaintiff's aforesaid use of the KNOW MORE trademark in connection with the aforementioned services in the United States.

50. Defendants' use and promotion of a mark, which is confusingly similar to Plaintiff's mark, misleads and causes innocent consumers to mistakenly purchase Defendants' products and services supposing they are Plaintiff's products and services.

51.	The Defendants' actions constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of Florida Statute § 501.204.

52.	The Defendants' have willfully undertaken these acts, made unlawful under section 501.204 of the Florida Statutes, and knew or should have known that such uses or practices were unlawful.

53.	The Plaintiff has been damaged by the Defendants' unlawful actions.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, PLAINTIFF prays that the Court issue an Order:

A.  Granting a preliminary and permanent injunction restraining Defendants, their officers, directors, principals, agents, servants, employees, successors and assigns, and all individuals acting in concert or participation with them, from using, on or in connection with any product or service, or the manufacture, importation, exportation, sale, offering for sale, distribution, advertising, promotion, labeling or packaging of any product or service, or using for any commercial purpose whatsoever: (1) the designation KNOW MORE or similar terms; (2) the Internet domain name knowmore.com; (3) any other designation that is likely to cause dilution of the distinctiveness of the Plaintiff's KNOW MORE mark or injury to plaintiff's business reputation; or (4) any other name, mark or term likely to cause mistake in the mind of the public or to deceive the public into the belief that defendant's business and/or products and/or services are in any way associated with or related to plaintiff or its products and/or services;

B. Ordering the Domain Name Holder to relinquish all rights in the Internet domain name knowmore.com; and directing Domains by Proxy or any other party in position to do so, to transfer the Internet domain name to Plaintiff;

C. Directing Defendants to account to Plaintiff for any and all profits derived by them from the sale of products or services through the use of the infringing mark or the accused domain name;

D. Awarding Plaintiff a monetary judgment against Defendants for the maximum damages allowable pursuant to 15 U.S.C. § 1125;

G. Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated: April 23, 2012

       Respectfully submitted,

       **AMAURY CRUZ P.A.**
       1560 Lenox Ave., Suite 207
       Miami Beach, Florida 33139
       Telephone: 305.604.2051
       Fax: 305.604.2011

       By: */s/ Rick Ruz, Esq.*
       **Rick Ruz, Esq.**
       Florida Bar No. 42090
       rickruz@lexarian.com

       and

       **Amaury Cruz, Esq.**
       Florida Bar No. 898244
       lex@lexarian.com

# Exhibit A

Network Solutions  >>  Whois  >>  Results
Log In



- Search
- Renew
- Transfer
- Features
- Private Registration
- Protect
- Forward

**WHOIS Results for knowmore.com**

Available domain names similar to knowmore.com

Available Extensions

- **knowmore**.tel
- **knowmore**.pro
- **knowmore**.im
- **knowmore**.xxx

Available Domains

- know-extra.com
- workless**knowmore**.com
- understand-more.com
- know-other.com

Premium Resale Domains

| | |
|---|---|
| knowlive.com | **$1,295** |
| iwantto**knowmore**.com | **$2,588** |
| morethanus.com | **$1,449** |
| knowjob.com | **$1,595** |
| worklessknowextra.com | |
| understand-extra.com | |
| understandextra.com | |
| know-free.com | |
| worklessknowother.com | |
| worklessunderstandmore.com | |
| needto**knowmore**.com | **$1,988** |
| doyoureallyknow.com | **$749** |
| wantto**knowmore**.com | **$2,088** |

View more

knowmore.com

Is this your domain name? Renew it now.



| | |
|---|---|
| **Current Registrar:** | GODADDY.COM, LLC |
| **IP Address:** | 74.205.54.17 (ARIN & RIPE IP search) |
| **Record Type:** | Domain Name |
| **Server Type:** | Apache |
| **Lock Status:** | clientDeleteProhibited |
| **WebSite Status:** | Active |

```
 The data contained in GoDaddy.com, LLC's WhoIs database,
 while believed by the company to be reliable, is provided "as is"
 with no guarantee or warranties regarding its accuracy.  This
 information is provided for the sole purpose of assisting you
 in obtaining information about domain name registration records.
 Any use of this data for any other purpose is expressly forbidden wit
 permission of GoDaddy.com, LLC.  By submitting an inquiry,
 you agree to these terms of usage and limitations of warranty.  In pa
 you agree not to use this data to allow, enable, or otherwise make po
 dissemination or collection of this data, in part or in its entirety,
 purpose, such as the transmission of unsolicited advertising and
 and solicitations of any kind, including spam.  You further agree
 not to use this data to enable high volume, automated or robotic elec
 processes designed to collect or compile this data for any purpose,
 including mining this data for your own personal or commercial purpos

 Please note: the registrant of the domain name is specified
 in the "registrant" field.  In most cases, GoDaddy.com, LLC
 is not the registrant of domain names listed in this database.


Registrant:
   Domains By Proxy, LLC
   DomainsByProxy.com
   15111 N. Hayden Rd., Ste 160, PMB 353
   Scottsdale, Arizona 85260
   United States

   Registered through: GoDaddy.com, LLC (http://www.godaddy.com)
   Domain Name: KNOWMORE.COM
      Created on: 06-Mar-00
      Expires on: 06-Mar-13
      Last Updated on: 21-Feb-12
```

```
     Administrative Contact:
        Private, Registration   KNOWMORE.COM@domainsbyproxy.com
        Domains By Proxy, LLC
        DomainsByProxy.com
        15111 N. Hayden Rd., Ste 160, PMB 353
        Scottsdale, Arizona 85260
        United States
        (480) 624-2599      Fax -- (480) 624-2598

     Technical Contact:
        Private, Registration   KNOWMORE.COM@domainsbyproxy.com
        Domains By Proxy, LLC
        DomainsByProxy.com
        15111 N. Hayden Rd., Ste 160, PMB 353
        Scottsdale, Arizona 85260
        United States
        (480) 624-2599      Fax -- (480) 624-2598

     Domain servers in listed order:
        NS-631.AWSDNS-14.NET
        NS-308.AWSDNS-38.COM
        NS-1460.AWSDNS-54.ORG
        NS-1752.AWSDNS-27.CO.UK

     ****************************************************
     See Business Registration Listing
     ****************************************************
     Copy and paste the link below to view additional details:
     http://who.godaddy.com/whoischeck.aspx?domain=KNOWMORE.COM
```

The previous information has been obtained either directly from the registrant or a registrar of the domain name other than Network Solutions. Network Solutions, therefore, does not guarantee its accuracy or completeness.

Show underlying registry data for this record



Make an instant, anonymous offer to the current domain registrant. Learn More



Search Again

Search again here...

Search by either

- ○ Domain Name e.g. networksolutions.com
- ○ IP Address e.g. 205.178.187.13

Search




Processing...